JAMES PERRY, in equity, *vs.* HENRY KNIGHT.

Knox. Opinion December 14, 1892.

*Deed. Reformation. Evidence. Pleading.*

Where a grantor conveys a certain interest in real estate, and then in the same conveyance by mistake reserves to himself precisely the same interest he first conveys, the deed must be reformed according to the original design of the parties; although the mistake is averred by the complainant and denied by the respondent, the complainant's account of the transaction being more or less corroborated by the circumstances disclosed in the testimony.

IN EQUITY.

Bill in equity heard on bill, answer and demurrer in the court below, where a decree was given sustaining the bill, and comes to this court on appeal by the defendant.

The bill was originally brought by James Perry in his lifetime to compel Henry Knight to reform a deed of a certain right of way in Camden, Knox county, given by him to said Perry August 7, 1886. Perry having deceased since filing the bill, his heirs have been made parties by proper amendment.

The case as disclosed by the bill, and which the plaintiffs claimed exhibits an obvious mistake, shows that Henry Knight and James Perry were the owners in common of a right of way forty-one and one half feet long extending back from Mechanic street in Camden, and fourteen feet wide. This right of way was between the Knight building and the building then owned by Perry. The building which Knight had then built, upon his lot adjoining this right of way, was about fifty and one half feet deep extending back from the street nine feet beyond the fourteen-foot right of way. Knight was anxious to acquire a right of way over this nine feet in the rear of the forty-one and one half-foot right of way; Perry was anxious to acquire the whole title to the portion of the right of way nine feet in width, adjoining his property, of the right of way forty-one and one half feet long and fourteen feet wide, which would leave a right of way in common five feet wide and forty-one and one half feet long to be enjoyed between himself and Henry Knight.

To carry out these objects, Perry made a deed to Knight of the right of way in common over a strip of land in the rear of the forty-one and one half foot right of way, nine feet long and five feet wide, and Knight upon his part was to quit-claim his interest in a strip adjoining the land of Perry nine feet wide the whole length of the forty-one and one half-foot right of way; thus leaving a continuous right of way from Mechanic street to the rear of the lot fifty and one half feet long and five feet wide, to be used in common by both Perry and Knight. By a mistake of the scrivener in drawing the deeds, the deed of Knight to Perry contained precisely the same clause that the deed of Perry to Knight contained as to the use and occupation of the right of

way, viz: "said right of way to be kept open and free for passage and repairs for said Henry Knight and James Perry, their heirs and assigns forever," and was thus made in fact, as the plaintiffs alleged, entirely inoperative as a conveyance of any interest in the nine-foot strip to Perry.

The bill after setting out these facts, alleges that the "deed was accepted by Perry with the full belief that it was a full compliance with said agreement, and that its terms were in accordance with the clear, mutual intent and understanding of the parties thereto; that upon a more careful examination of said deed from said Knight is disclosed the facts that, by reason of a mistake of the scrivener (above stated), said Knight retained and still retains his interest in said right of way, and nothing in fact was conveyed by said deed to the plaintiff. Whereupon, he, said Knight, was requested to correct said error, or release and convey to the plaintiff in accordance with said agreement and understanding and intent of the parties thereto, which he refused to do."

The defendant inserted a demurrer in his answer, and alleged a general denial of the agreement. The answer was not required to be under oath.

The depositions of the scrivener who wrote the deed, son of the plaintiff, and the defendant were read in evidence. The former testified that his father did not read the deed until after it had been recorded, it having been left with the witness to send it to the registry, &c.

*C. E. and A. S. Littlefield*, for plaintiff.

Bill sufficient: *Stevens* v. *Moore*, 73 Maine, 563; Story Eq. Plead. § 252. Amendable: *Gilpatrick* v. *Glidden*, 82 Maine, 201. Burden upon appellant to show decree below is wrong: *Paul* v. *Frye*, 80 Maine, 26. Defendant's testimony contradicts his answer. He admits that Perry was to have nine feet and himself five feet of the right of way. Under the deeds as passed Perry acquires nothing but a restriction of his own rights.

*J. H. Montgomery*, for defendant.

Bill insufficient: *Merrill* v. *Washburn*, 83 Maine, 189, and

cases cited. Plaintiff's want of care and diligence : *Butman* v. *Hussey*, 30 Maine, 266 ; *Stover* v. *Poole*, 67 Maine, 217. Negligence in not reading deed : *Lancy* v. *Randlett*, 80 Maine, 175. More than one witness necessary : *Richards* v. *Pierce*, 52 Maine, 560. Testimony of a party in interest is not sufficient : *Parlin* v. *Small*, 68 Maine, 290, and cases cited.

By the plaintiff's showing, Perry would have got a better deed, by defendant's, a better defining of the future occupancy of the right of way. Not a mutual mistake. Counsel cited : *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 290 ; *Fessenden* v. *Ockington*, 74 Maine, 125. Maine cases all show that when decree for relief has been granted, the vital fact was undisputed, and following *Tucker* v. *Madden*, 44 Maine, 206, requiring plenary proof, which leaves no doubt in the mind of the court of a mistake.

PETERS, C. J. An examination of the evidence in this case satisfies us that the decree below should be affirmed.

It is argued on the part of the respondent that it is an instance where witness appears against witness, and therefore it cannot be said that the complainant's proof is clear, convincing and conclusive, as it should be in order to require the reformation of a deed. We, however, regard the testimony of the principal witness for the complainants as corroborated by circumstances much stronger than the oral evidence. But one conclusion can be derived from the different titles and the situation and wants of the parties. Perry, the father of the present complainants who come into the case as his heirs, wanted to add to the width of his premises a strip already belonging to him over which Knight, the respondent, had in common with him a right of passage. On the other hand the respondent needed for his premises a right of passage in another place over Perry's land where he then had no right to pass. So an exchange of interests became desirable and was arranged between the owners. Perry was to convey a new right of passage, and Knight was to surrender the old one ; the result of which would be that Knight would have a way in a new location, and Perry would have the old way blocked up. It was

merely the change of location of the respondent's passage way around his premises. While the exchange was beneficial to both parties, it was quite indispensable to the respondent, because it carried him around to certain land in the rear of his store to which before this time he had no access from the street on which his structures and also those of Perry were situated.

It is not difficult to understand how the deed from Perry, in effectuating the contemplated exchange, came to be erroneously made. In the deed from Perry to Knight a passage was granted over the new territory, reserving a right of passage to Perry in common with Knight over the same premises. Now the scrivener in writing the deed from Perry to Knight inserted a release of a right of way which Knight had upon Perry's other land, and then added the same kind of reservation to Knight which in Perry's deed had been made to Perry. Whilst the reservation was right in the one deed it was wrong in the other. The deed from Knight conveys a right and then reserves and takes away precisely the same right that is first conveyed. The intention was for Perry to give one right of way to Knight, in consideration of which Knight was to give up to Perry another right of way ; whilst, as the deeds were written, Knight conveyed in effect nothing, but gets two distinct rights of way across his neighbor's premises instead of one. The respondent does not really pretend that the deed, as it stands, executes the intention of the parties, but he opposes such a reformation of the deed as the complainants ask for. His contention is not supported by the facts or law of the case.

Objection is taken to the bill that it is not definite enough. The objection is hardly tenable.

*Decree below affirmed with costs.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.